UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW JAMES MCGONIGLE, <br> v. <br><br> SHOPPERSCHOICE.COM, L.L.C. d/b/a <br> BBQGUYS.COM | CIVIL ACTION <br><br> NO. 25-cv-00152-SDD-RLB <br><br> JUDGE SHELLY DICK <br><br> MAGISTRATE RICHARD BOURGEOIS |

MOTION TO COMPEL BY DEFENDANT

NOW, through undersigned counsel, comes Defendant ShoppersChoice.com, L.L.C. d/b/a BBQGuys.com ("BBQGuys" or "Defendant"), who files this Motion to Compel supplemental discovery responses by Plaintiff under Federal Rule of Civil Procedure 37.

On or around September 5, 2026, BBQGuys propounded Defendant's First Set of Interrogatories, Requests for Production, and Requests for Admission ("Discovery Requests"). *See* **Exhibit A**. Plaintiff responded initially on November 4, 2025, and then amended the responses on April 24, 2026. *See* **Exhibit B** and **Exhibit C**. From testimony given by Plaintiff Andrew James McGonigle during his deposition on July 2, 2026, additional materials and information responsive to the Discovery Requests appear to exist and have not been produced. Plaintiff was notified of these deficiencies on July 8, 2026 and reminded on July 16, 2026 by email and by voicemail when undersigned counsel attempted a call to confirm the supplementation. **Exhibit D**, **Exhibit E**, and **Exhibit F**. Despite BBQGuys' contemporaneous compliance with Plaintiff's supplementation requests, at no point has Plaintiff acknowledged the supplementation obligation or responded to the BBQGuys' requests regarding same. Faced with Plaintiff's non-responsiveness and the Court's July 17, 2026 discovery deadline, BBQGuys must seek the Court's intervention.

Pursuant to Local Rule 37, below are the verbatim quotes of the Interrogatories and Requests for Production for which BBQGuys seeks supplementation, followed by Plaintiff's verbatim response.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each Person with knowledge of the facts underlying the issues raised in the pleadings of his Dispute and each Person's respective areas of knowledge.

**Response**: Plaintiff objects to this interrogatory as overly broad and unduly burdensome to the extent it seeks identification of "each person" with any knowledge, regardless of relevance to the claims or defenses, and as seeking information beyond the scope of Federal Rule of Civil Procedure 26(b)(1). Plaintiff also objects because Defendant is in a better position to identify the individuals with knowledge of its own telemarketing practices and the transmission of the subject text messages.

**Subject to the foregoing,** individuals with knowledge include Plaintiff Andrew James McGonigle, who has knowledge of receiving the unsolicited text messages alleged in the Complaint and his lack of consent to receive them; and Defendant Shopperschoice.com, L.L.C. d/b/a BBQGuys.com and its employees or agents involved in sending or authorizing the subject text messages, who have knowledge regarding Defendant's text messaging practices and the transmissions at issue.

**INTERROGATORY NO. 4:** From January 1, 2019 to present, identify all telephones (cellular, landline, or otherwise) owned, purchased, leased, given to, or otherwise regularly used by McGonigle, including how each telephone was acquired, the telephone number(s) associated with each telephone, the seller/owner of each telephone, the date each telephone was acquired, amount paid for each telephone, the date each telephone stopped being used by McGonigle, and the provider(s) or the telephone service for each telephone. Telephone numbers that are used for call forwarding purposes, such as those acquired through Google Voice, are responsive to this interrogatory.

**Response**: Plaintiff objects to this interrogatory as overly broad and unduly burdensome to the extent it seeks a detailed history of every phone and number owned or used since 2019, which is not proportional to the needs of this case and extends beyond the period relevant to Plaintiff's claims. Plaintiff also objects to the extent the interrogatory seeks information outside his personal recollection or reasonably available records.

**Subject to the foregoing,** and to the best of his recollection, Plaintiff provides the following information:

- **352-545-8401** and **352-581-0057** – Cellular numbers used during 2021 and early 2022, likely in succession, for personal and residential use; service carriers unknown; Plaintiff was responsible for payment.

- **352-763-0243** – Cellular number used from approximately July 2023 with Total Wireless, for personal and residential use; Plaintiff was responsible for payment.

- **252-518-3959** – Cellular number used from approximately April to August 2024 with AT&T, for personal and residential use; Plaintiff was responsible for payment.

- **804-238-5410** – Cellular number used since August 5, 2024 with Verizon (prepaid plan), for personal and residential use; Plaintiff is responsible for payment.

- Plaintiff also recalls having a cellular number in the 386 area code associated with T-Mobile, likely used during a period of unemployment, but he cannot recall the full number and has been unable to retrieve further information despite reasonable inquiry.

Plaintiff has not used any landline numbers or numbers for business purposes during the relevant period. To the best of his recollection, and after reasonable inquiry, Plaintiff does not have additional information about other numbers used before 2021. All cellular telephones used by Plaintiff during the relevant period were used solely for personal and

residential purposes, and not for business or commercial use. After reasonable inquiry, Plaintiff does not recall the make, model, manufacturer, acquisition date, seller, owner, or amount paid for the phones associated with the telephone numbers used before 804-238-5410 and does not have available information regarding those devices. Plaintiff will produce screenshots reflecting device information for phones he has owned during the time he has used the number 804-238-5410. These devices include one Moto G 5G (2024), one TCL 50 XE 5G, and two TCL 50 LE phones, all of which were used with that same number at different times, as each device replaced the prior one when it became damaged or unusable.

**INTERROGATORY NO. 6:** Identify all sources of Income for McGonigle from January 1, 2019 to present.

**Response**: Plaintiff objects to this interrogatory as overly broad and unduly burdensome to the extent it seeks detailed financial information and "all sources of income" without limitation to any matter relevant to the claims or defenses in this case. Plaintiff further objects on the grounds of privacy and proportionality, as personal financial information unrelated to the claims in this TCPA action is not discoverable.

**Subject to the foregoing,** Plaintiff states that his income during the relevant period was derived from the employment positions identified in response to Interrogatory No. 5. Plaintiff also states that he has been a party to other TCPA actions, and any monetary recoveries in those matters were limited to statutory damages or settlements consistent with such statutory amounts, including the following:

- $10,015 on April 20, 2025 from *McGonigle v. D'Artagnan, Inc.*, No. 1:2025cv00052 (E.D. Va.)

4

- $8,000 on May 1, 2025 from *McGonigle v. Laurice El Badry Rahme, Ltd.*, No. 1:2024cv01742 (E.D. Va.)

- $3,000 on May 9, 2025 from *McGonigle v. FTD, LLC*, No. 1:2024cv12201 (N.D. Ill.)

- $4,000 on June 1, 2025 from *McGonigle v. Filters Fast LLC*, No. 1:2024cv02063 (E.D. Va.)

- $3,000 on June 1, 2025 from *Mcgonigle v. Richmond Fitness, INC.*, No. 3:2025cv00167 (E.D. Va.)

- $3,000 on June 6, 2025 from *McGonigle v. PERPAY, INC.*, No. 2:2025cv00326 (E.D. Pa.)

- $4,000 on June 6, 2025 from *McGonigle v. Everyday Dose LLC*, No. 1:2024cv25115 (S.D. Fla.)

Plaintiff additionally states that the total amount of settlement proceeds he received in TCPA actions during the relevant period is approximately $81,185.57. No pre-suit settlements were received. No other sources of income are presently known to Plaintiff during the relevant period.

**INTERROGATORY NO. 7:** For all lawsuits, arbitrations, mediations, or formal dispute resolutions that McGonigle has ever been a party to, Identify for each: the case caption, the court, the date the action was filed, the case number, the nature of the suit, whether claims were made in an individual capacity or as a class, and the current status. As a reminder, McGonigle is under a continuing obligation to supplement any additional responsive matters within a reasonable time after submitting responses.

**Response**: Plaintiff objects to this interrogatory as overly broad and unduly burdensome to the extent it seeks identification of every lawsuit, arbitration, or dispute resolution matter McGonigle has ever been a party to, regardless of relevance or timeframe. The interrogatory also seeks information not proportional to the needs of this case and not limited to matters bearing on the claims or defenses in this TCPA action.

**Subject to the foregoing,** Plaintiff states that he has been a named plaintiff in several federal lawsuits alleging violations of the Telephone Consumer Protection Act (TCPA). The current matter is one such case. Defendant can obtain case captions, case numbers, and court information through publicly available sources such as PACER. Plaintiff identifies the following TCPA cases he has filed:

- *McGonigle v. Laurice El Badry Rahme, Ltd.*, 1:2024cv01742 (E.D. Va., filed 10/01/2024, closed 05/21/2025)

- *McGonigle v. Zale Delaware Inc.*, 1:2024cv01820 (E.D. Va., filed 10/15/2024, closed 06/30/2025)

- *McGonigle v. SHOPPERSCHOICE.COM, L.L.C. d/b/a BBQGUYS.COM*, 1:2024cv01887 (E.D. Va., filed 10/25/2024, closed 02/19/2025)

- *McGonigle v. Filters Fast LLC*, 1:2024cv02063 (E.D. Va., filed 11/19/2024, closed 06/11/2025)

- *McGonigle v. HSN, Inc.*, 8:2024cv02712 (M.D. Fla., filed 11/21/2024, closed 08/11/2025)

- *McGonigle v. FTD, LLC*, 1:2024cv12201 (N.D. Ill., filed 11/26/2024, closed 05/07/2025)

- *McGonigle v. Walker and Company Brands, Inc.*, 1:2024cv02140 (E.D. Va., filed 11/26/2024, closed 04/24/2025)

- *McGonigle v. Midwest Catalog Brands LLC*, 3:2024cv00864 (W.D. Wis., filed 12/05/2024)

- *McGonigle v. Value City Furniture, Inc.*, 2:2024cv04293 (S.D. Ohio, filed 12/23/2024)

6

- *McGonigle v. Alliance Entertainment, LLC*, 0:2024cv62443 (S.D. Fla., filed 12/29/2024, closed 09/05/2025)

- *McGonigle v. Everyday Dose LLC,* 1:2024cv25115 (S.D. Fla., filed 12/30/2024, closed 05/20/2025)

- *McGonigle v. LG Electronics U.S.A., Inc.*, 1:2025cv00051 (E.D. Va., filed 01/11/2025, closed 04/14/2025)

- *McGonigle v. D'Artagnan, Inc.*, 1:2025cv00052 (E.D. Va., filed 01/11/2025, closed 04/21/2025)

- *McGonigle v. Richmond Fitness, INC.*, 1:2025cv00103 (E.D. Va., filed 01/21/2025, closed 03/04/2025)

- *McGonigle v. Richmond Fitness, INC.*, 3:2025cv00167 (E.D. Va., filed 01/21/2025, closed 05/30/2025)

- *McGonigle v. PERPAY, INC.*, 2:2025cv00326 (E.D. Pa., filed 01/20/2025, closed 06/05/2025)

- *McGonigle v. Office Depot*, LLC, 9:2025cv80069 (S.D. Fla., filed 01/17/2025)

- ***McGonigle v. Shopperschoice.com, LLC**, **3:2025cv00152 (M.D. La., filed 02/19/2025)***

- *McGonigle v. SR Holdings Management LLC*, 1:2025cv01674 (N.D. Ill., filed 02/18/2025, closed 10/13/2025)

- *McGonigle v. Skull Shaver, LLC*, 1:2025cv00424 (E.D. Va., filed 03/08/2025, closed 08/27/2025)

- *McGonigle v. LG Electronics U.S.A., Inc.*, 2:2025cv02700 (D.N.J., filed 04/15/2025, closed 08/21/2025)

7

- *McGonigle v. Walker and Company Brands, Inc.*, 1:2025cv02314 (N.D. Ga., filed 04/25/2025, closed 09/18/2025)

- *McGonigle v. Robbins Research International, Inc.*, 1:2025cv00800 (E.D. Va., filed 05/08/2025, closed 09/29/2025)

- *McGonigle v. Teleflora LLC*, 1:2025cv00807 (E.D. Va., filed 05/09/2025)

- *McGonigle v. Telescents, Inc.*, 1:2025cv00845 (E.D. Va., filed 05/15/2025)

- *McGonigle v. Pure Green Franchise Corporation*, 0:2025cv61164 (S.D. Fla., filed 06/10/2025)

- *McGonigle v. Dickey's Barbecue Restaurants, Inc.*, 1:2025cv01062 (E.D. Va., filed 06/24/2025)

- *McGonigle et al v. Freedom Debt Relief, LLC*, 3:2025cv05426 (N.D. Cal., filed 06/27/2025, closed 10/06/2025)

- *McGonigle v. Moriarty Gem Corp.*, 1:2025cv00398 (N.D. Ind., filed 07/18/2025)

- *McGonigle v. Omaha Steaks, LLC*, 8:2025cv00509 (D. Neb., filed 08/20/2025)

- *McGonigle v. Why Direct LLC*, 1:2025cv01961 (E.D. Va., filed 11/04/2025, closed 11/07/2025)

- *McGonigle v. Why Direct LLC*, 3:2025cv00934 (E.D. Va., filed 11/04/2025)

- *McGonigle et al v. United Wholesale Mortgage, LLC*, 2:2025cv13865 (E.D. Mich., filed 12/02/2025)

- *McGonigle v. Freebird, Inc.*, 1:2025cv02503 (E.D. Va., filed 12/30/2025, closed 02/04/2026)

- *Andrew James McGonigle v. Maxim Lending, Corp.*, 8:2026cv00106 (C.D. Cal., filed 01/14/2026)

US District Court LA

- *McGonigle v. Bridgecrest Acceptance Corporation*, 2:2026cv01036 (D. Ariz., filed 02/13/2026, closed 04/14/2026)

- *McGonigle v. I.C. System, Inc.*, 1:2026cv00719 (E.D. Va., filed 03/16/2026)

- *McGonigle v. Dom Store LLC*, 1:2026cv00869 (E.D. Va., filed 03/30/2026)

Plaintiff is withholding responsive information beyond that provided herein, including additional case-specific details, based on the foregoing objections, including that such information is not reasonably accessible without undue burden and is not proportional to the needs of the case. Plaintiff is further withholding information regarding non-TCPA matters based on the foregoing objections, including that such information is not relevant to the claims or defenses in this action, is invasive of privacy, and is not proportional to the needs of the case.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 12:** Produce any Documents and/or communications between McGonigle and any Person concerning the allegations made in the Complaint.

**Response**: Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects to the extent it seeks attorney-client communications or attorney work product. The request also seeks information already within Defendant's possession, custody, or control.

**Subject to the foregoing,** Plaintiff has no non-privileged responsive documents in his possession, custody, or control other than the pre-suit notification letter to Defendant dated October 15, 2024, which has been produced (MCGONIGLESHOP00013–00014).

**REQUEST FOR PRODUCTION NO. 14:** Produce cop8ies of any deposition transcripts, affidavits, declarations, or sworn testimony of McGonigle concerning or referring to: (i) the TCPA; (ii) autodialing, an automatic telephone dialing system, or an autodialer; (iii) pre-recorded or

9

artificial calls, voicemails, or messages; (iv) consent to receive calls with respect to any phone number owned, controlled, or transferred to McGonigle or anyone in his household; (v) telemarketing or unsolicited advertisements, solicitations, or marketing; (vi) Do Not Call lists; (vii) ringless voicemails; or (viii) marketing text messages. Responsive documents will include, but are not limited to, any deposition transcript, affidavit, declaration, or sworn testimony of McGonigle in any lawsuit identified in McGonigle's response to Interrogatory No. 7.

**Response**: Plaintiff objects to this request as compound, overly broad, and unduly burdensome to the extent it seeks all testimony or statements by Plaintiff in any TCPA matter.

**Subject to the foregoing,** Plaintiff has no responsive documents in his possession, custody, or control, including any deposition transcripts, affidavits, declarations, or other sworn testimony. After a reasonable inquiry, Plaintiff further states that he has participated in at least one deposition in a TCPA matter identified in response to Interrogatory No. 7, but does not possess any deposition transcripts, affidavits, declarations, or other sworn testimony from that proceeding.

**REQUEST FOR PRODUCTION NO. 18:** Produce McGonigle's internet browsing history relating to the TCPA from the year 2019 to present.

**Response**: Plaintiff objects to this request as vague, overly broad, unduly burdensome, and invasive of privacy. The request seeks personal browsing history that is irrelevant to any claim or defense and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 22:** Produce all Documents You intend to offer as evidence in any hearing or trial in this Dispute.

**Response**: Plaintiff objects to this request as premature and overly broad to the extent it seeks identification of all potential exhibits before the close of discovery and before pretrial disclosures are due.

**Subject to the foregoing,** Plaintiff has produced screenshots of the text messages at issue (MCGONIGLESHOP00020–00024) and the October 15, 2024 pre-suit notification

10

correspondence (MCGONIGLESHOP00013–00014), which are currently anticipated to be used as exhibits. No documents are being withheld on the basis of the foregoing objections.

As further explained in its Memorandum in Support of its motion, BBQGuys is entitled to the relief sought, and BBQGuys submits its Memorandum in Support and Rule 37(A)(1) Certification. In further support of this Motion, BBQGuys provides and attaches the following exhibits:

Exhibit A    Defendant's First Set of Interrogatories, Requests for Production, and Requests for Admission

Exhibit B    Plaintiff's Responses to Defendant's First Set of Interrogatories, Requests for Production, and Requests for Admission

Exhibit C    Plaintiff Andrew McGonigle's Amended Responses to Defendant's First Set of Interrogatories and Requests for Production

Exhibit D    July 8, 2026 Letter from Jessica Engler to Avi Kaufman and Anthony Paronich

Exhibit E    July 8, 2026 Email from Jessica Engler to Avi Kaufman

Exhibit F    July 16, 2026 Email from Jessica Engler to Anthony Paronich

Exhibit G    July 10, 2026 Email String between Jessica Engler and Anthony Paronich

Exhibit H    Deposition of Andrew James McGonigle (Jul. 2, 2026)

Exhibit I    PACER Search Results for McGonigle Suits

Pursuant to Federal Rules of Civil Procedure 37(a)(3)(B), BBQGuys' counsel certifies that she has made good faith efforts to confer with Plaintiff's counsel, both in writing and by telephone,

11

regarding Plaintiff's failure to provide complete and full responses to BBQGuys' written discovery requests.

BBQGuys further requests that the Court grant its Motion and order Plaintiff to pay the expenses and reasonable attorneys' fees incurred in the preparation and filing of this motion.

WHEREFORE, BBQGuys requests the Court issue an order compelling Plaintiff, Andrew James McGonigle, to immediately provide full and complete responses to the interrogatories and requests for production of documents and requiring Plaintiff to pay BBQGuys the expenses and reasonable attorneys' fees incurred in the preparation and filing of this motion.

Respectfully submitted,

s/ *Jessica C. Engler*

Karli Glascock Johnson (#26304), T.A.
karli.johnson@keanmiller.com
**KEAN MILLER LLP**
400 Convention Street, Suite 700
P. O. Box 3513 (70821-3513)
Baton Rouge, Louisiana 70802
Telephone: (225) 387-0999

R. Devin Ricci (#34724)
devin.ricci@keanmiller.com
Jessica C. Engler (#35120)
jessica.engler@keanmiller.com
Jeff Gelpi (#37130)
jeff.gelpi@keanmiller.com
**KEAN MILLER LLP**
909 Poydras Street, Suite 3600
New Orleans, Louisiana 70112
Telephone: (504) 585-3050

*Attorneys for ShoppersChoice.com, L.L.C. d/b/a BBQGuys.com*

12

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system this 17th day of July, 2026.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system and/or U.S. Mail.

/s/ *Jessica C. Engler*
Jessica C. Engler

13