# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANDREW JAMES MCGONIGLE,** | **CIVIL ACTION** |
| **v.** | |
| | **NO. 25-cv-00152-SDD-RLB** |
| **SHOPPERSCHOICE.COM, L.L.C. d/b/a BBQGUYS.COM** | |
| | **JUDGE SHELLY DICK** |
| | **MAGISTRATE RICHARD BOURGEOIS** |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL BY DEFENDANT

Pursuant to Federal Rule of Civil Procedure 37, Defendant ShoppersChoice.com, L.L.C. d/b/a BBQGuys.com ("BBQGuys") submits this Memorandum in Support of its Motion to Compel.

BBQGuys propounded its first set of discovery requests on or around September 5, 2025. **Exhibit A.** Plaintiff responded on November 4, 2025 and then amended the responses on April 24, 2026. **Exhibit B** and **Exhibit C**. On July 2, 2026, BBQGuys took the deposition of Andrew James McGonigle ("Plaintiff" or "McGonigle"), and, during that deposition, it became clear that Plaintiff had not fully produced all responsive materials to at least eight of BBQGuys' Discovery Requests. Thus, BBQGuys urges this Court to grant its Motion to Compel, order Plaintiff to supplement its responses, award BBQGuys costs and attorney fees associated with bringing this Motion, and award any other relief deemed appropriate in the Court's discretion.

## LAW & ARGUMENT

The "basic purpose" of Federal Rule of Civil Procedure 26 is prevention of undue prejudice and surprise. *Joe Hand Promotions v. Chios, Inc.*, 544 F.App'x 444, 446 (5th Cir. 2013). Rule

26(e)(1)(A) requires a party who has responded to discovery requests to timely supplement or correct its response or disclosure "if the party learns that in some material respect the disclosure or response is incomplete or incorrect" and "if the additional or corrective information as not otherwise been made known to the other parties during the discovery process or in writing." Where discovery answers are evasive or incomplete, Rule 37(a)(4) treats them as "failure[s] to disclosures, answer, or respond." If a party fails to provide information or identify a witness as required by Rule 26(e), the party is prohibited from using the information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. FED. R. CIV. P. 37(c)(1). In addition to or instead of such sanction, the Court may order payment of expenses (including attorney fees), caused by the failure, inform the jury of the failure, and impose any other sanction it sees fit, including those listed in Rule 37(b)(2)(A)(i)–(vi).

**Interrogatory No. 1** sought identification of "each Person with knowledge of the facts underlying the issues raised in the pleadings of his Dispute and each Person's respective areas of knowledge." Responsive answers required full names, contact information, business affiliation, and title. **Exhibit A**, p. 3. Plaintiff identified only Andrew James McGonigle and representatives of BBQGuys. **Exhibit B** and **Exhibit C**. Yet, during McGonigle's deposition, he testified that he spoke to several individuals concerning the TCPA, the basis for claims, and statutory damages including: (i) his former roommate, Tyler Viars; (ii) his girlfriend, Carrie McCray; (iii) his girlfriend's mother; (iv) and "a few family members", including his father, whom he encouraged to reach out to a TCPA attorney. **Exhibit H**, 41:20–47:4. McGonigle further testified that he talked to other attorneys prior to retaining his current counsel and with whom he did not form an attorney-client relationship. **Exhibit H**, 83:23–84:12.

2

None of these individuals were disclosed in response to Interrogatory No. 1. These people identified by McGonigle may have knowledge concerning the strength or weaknesses of McGonigle's claims, McGonigle's intentions in suing BBQGuys, and the harm, if any, purposedly suffered by McGonigle due to BBQGuy's text messaging program. This Court should compel production of these individuals and their contact information in compliance with Rule 26.

**Interrogatory No. 4** required Plaintiff to "From January 1, 2019 to present, identify all telephones (cellular, landline, or otherwise) owned, purchased, leased, given to, or otherwise regularly used by McGonigle, including how each telephone was acquired, the telephone number(s) associated with each telephone, the seller/owner of each telephone, the date each telephone was acquired, amount paid for each telephone, the date each telephone stopped being used by McGonigle, and the provider(s) or the telephone service for each telephone." In response, Plaintiff provided a listing of phone numbers and identified four mobile devices used in connection with his current phone number. **Exhibit B** and **Exhibit C**. However, during his deposition, McGonigle testified that, since he first acquired his phone number in August of 2024, he has purchased an additional five to seven phones, making the listing of phones purchased incomplete. **Exhibit H**, 69:14–70:2. Further, neither the information provided in response to the interrogatory, nor the screenshots at MCGONIGLESHOP00001–04, show for each additional phone purchased after August 5, 2024: (i) how each was acquired, (ii) the date the phone was acquired, (iii) amount paid for each telephone, or (iv) when McGonigle stopped using each phone. Also concerning is McGonigle's testimony that he does not normally save receipts, as McGonigle began filing TCPA suits in October 2024 and McGonigle is obligated to preserve any documentation that may be relevant. **Exhibit H**, 69:22–71:5.

3

McGonigle's primary source of income in 2025 was settlements from TCPA lawsuits. **Exhibit B**, pp. 29–30. Considering that McGonigle's claims are based on his purchase of a pre-paid phone, purchasing an additional five to seven phones is directly relevant to the dispute and McGonigle's decisions to keep his phone number(s) or obtain others. This Court should compel McGonigle to produce the requested information or, if the information is no longer available due to destruction of the records, provide a written explanation concerning the destruction of records where the information could have been collected. BBQGuys further urges this Court to advise Plaintiff concerning the potential for an adverse inference if such records were destroyed.

**Interrogatory No. 6** sought all sources of income for McGonigle from January 1, 2019 to present. As to the income received from TCPA litigation, the response provides only seven settlement payments, while records from PACER reflect at least twenty-six concluded disputes among the forty-one TCPA suits filed by McGonigle. **Exhibit I**. During his deposition, McGonigle struggled to provide even an estimated amount that he received for any one settlement, nor could he confirm the current total received from the settlements. **Exhibit H**, 120:18–137:15. McGonigle did, however, testify that he has received breakdowns from his counsel concerning which funds were for which settlements, as well as a 1099 for tax filing purposes. **Exhibit H**, 122:16–123:3, 137:17–138:17. Thus, Plaintiff is in possession of the requested information, and this Court should compel supplementation of same.

**Interrogatory No. 7** sought, for all lawsuits, arbitrations, mediations, or formal dispute resolutions that McGonigle has ever been a party to, "for each: the case caption, the court, the date the action was filed, the case number, the nature of the suit, whether claims were made in an individual capacity or as a class, and the current status." The responses provided a listing of case captions, but no indication of class or individual status, nature of suit, or the current status.

4

During McGonigle's deposition, he persistently struggled to name the various defendants he has sued, or the status of any case—including the case at bar. **Exhibit H**, 91:6–93:22, 111:18–112:1, 117:23–118:17, 120:18–137:15. In turn, Plaintiff expressly withheld responsive information beyond what was provided, including additional case-specific details, on the basis that it constituted "undue burden." The Fifth Circuit and Louisiana federal courts consistently reject such conclusory objections, finding them insufficient to assert a valid objection. *See U.S. Equal Employment Opportunity Commission v. Exxon Mobil Corp.*, 347 F.D.R. 451, 462 (M.D. La. 2024) (*citing McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). Grounds for objections must be stated with specificity, and any ground not properly specified is deemed waived. FED. R. CIV. P. 33(b)(4). Consequently, this Court should find that Plaintiff waived any objections to this Request and order supplementation of same. Responsive materials should be readily accessible in the files of McGonigle's counsel, who purportedly represent him in the other forty matters initiated.

**Request for Production No. 12** requested any Documents and/or communications between McGonigle and any Person concerning the allegations made in the Complaint. Plaintiff produced only a pre-suit notification letter to Defendant dated October 15, 2024 and alluded to any other materials as being privileged.

"When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A). Blanket assertions of a privilege are unacceptable, as the Court and other

parties must be able to test the merits of a privilege claim. *U.S. Equal Opportunity Commission*, 347 F.R.D. at 463 (citing *U.S. v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982)). At no point has Plaintiff provided any information required to be produced for privileged documents under Rule 26(b)(5)(A). Accordingly, this Court should order the production of the documents or, where the documents are subject to a legitimate privilege, the required information under Rule 26(b)(5)(A).

BBQGuys further avers that the Court should address and determine the individuals with whom McGonigle claims privilege. McGonigle testified that the only engagement letter that he recalled signed at the time of the deposition was the class action authorization with Heidarpour Law Firm, Anthony Paronich of Paronich Law, P.C., and Avi Kaufman of Kaufman P.A. **Exhibit H**, 87:10–22. McGonigle would also consider Dana Oliver to be his attorney, considering that Oliver defended his deposition. However, McGonigle recalled no other attorneys that are involved with this dispute or engagement letters signed, including but not limited to David Andress of the Andress Law Firm who is enrolled as local counsel for Plaintiff. Accordingly, Plaintiff should be barred from claiming attorney-client privilege on any communication between McGonigle and persons employed outside of Heidarpour Law Firm, Paronich Law, P.C., or Kaufman P.A.

McGonigle also communicated with other attorneys prior to retaining the Heidarpour Law Firm. **Exhibit H**, 83:23–84:12. For any potential privilege to attach to such communications, McGonigle must have been a "prospective client" with which the attorney engages in a "consultation". "A consultation does not occur if a person provides information to a lawyer in response to advertising that merely describes the lawyer's education, experience, areas of practice, and contact information, or provides legal information of general interest. Such a person communicates information unilaterally to a lawyer, without any reasonable expectation that the lawyer is willing to discuss the possibility of forming a client-lawyer relationship and is thus not

6

a 'prospective client.'" Cmt. 2, ABA MODEL RULE 1.18. For any communications with an attorney where McGonigle did not retain their services, this Court should require more than identification of the party to the communications as being a lawyer to ensure McGonigle is entitled to the privilege.

**Request for Production No. 14** requested copies of any deposition transcripts, affidavits, declarations, or sworn testimony of McGonigle concerning or referring to: (i) the TCPA; (ii) autodialing, an automatic telephone dialing system, or an autodialer; (iii) pre-recorded or artificial calls, voicemails, or messages; (iv)  consent to receive calls with respect to any phone number owned, controlled, or transferred to McGonigle or anyone in his household; (v) telemarketing or unsolicited advertisements, solicitations, or marketing; (vi) Do Not Call lists; (vii) ringless voicemails; or (viii) marketing text messages.

In its initial responses on November 4, 2025, Plaintiff claimed to have no responsive documents in his possession. **Exhibit B**. In the amended responses on April 24, 2026, Plaintiff again claimed to have no transcripts in his possession but admitted to participation in at least one deposition in a TCPA matter (with no specificity as to which). **Exhibit C**. And yet, BBQGuys was able to locate a deposition transcript taken in McGonigle's suit against Value City Furniture Inc. that was filed with the Southern District of Ohio on September 22, 2025, prior to both the initial and amended responses. *McGonigle v. Value City Furniture, Inc.*, Case No. 2:24-cv-04293-JLG-CMV (S.D. Ohio). McGonigle further testified in his deposition that he appeared for a deposition in his suit against Office Depot, **Exhibit H**, 8:25–9:17. While BBQGuys obtained the *Value City* deposition from PACER, it was unable to obtain all exhibits attached. BBQGuys also does not have the transcript or attached exhibits for the Office Depot deposition. This Court should compel production of the outstanding materials and advise Plaintiff of its continuing obligation to

supplement any additional deposition transcripts, as well as any affidavits, declarations, or sworn statements executed.

**Request for Production No. 18** requested McGonigle's internet browsing history relating to the TCPA from 2019 to present. Plaintiff refused to produce any materials in response to this request, listed boilerplate objections, and claimed that such materials are irrelevant and a disproportionate burden to produce. McGonigle, however, in his deposition, told a different story. McGonigle testified that after learning about the TCPA, he performed Google searches to learn whether the statutes and available damages were legitimate. **Exhibit H**, 42:12–43:12. McGonigle's searching occurred in 2024 prior to his contacting attorneys. **Exhibit H**, 43:13–18. McGonigle further testified that he typically does not delete his internet search history and that, if BBQGuys requested his search history concerning the TCPA, it would be "fine" for him to provide it to BBQGuys. **Exhibit H**, 43:19–44:2. Considering McGonigle's testimony, there is no legitimate basis for withholding the responsive materials.

WHEREFORE, for the foregoing reasons, BBQGuys moves this Court to grant its Motion to Compel, order Plaintiff to supplement its responses, award BBQGuys its costs and attorney fees incurred in bringing this Motion, and award any other relief deemed appropriate in the Court's discretion.


[Remainder of page blank.]

Respectfully submitted,

s/ *Jessica C. Engler*

Karli Glascock Johnson (#26304), T.A.
karli.johnson@keanmiller.com
**KEAN MILLER LLP**
400 Convention Street, Suite 700
P. O. Box 3513 (70821-3513)
Baton Rouge, Louisiana 70802
Telephone: (225) 387-0999

R. Devin Ricci (#34724)
devin.ricci@keanmiller.com
Jessica C. Engler (#35120)
jessica.engler@keanmiller.com
Jeff Gelpi (#37130)
jeff.gelpi@keanmiller.com
**KEAN MILLER LLP**
909 Poydras Street, Suite 3600
New Orleans, Louisiana 70112
Telephone: (504) 585-3050

*Attorneys for ShoppersChoice.com, L.L.C. d/b/a
BBQGuys.com*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system this 17th day of July, 2026. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system and/or U.S. Mail.

/s/ *Jessica C. Engler*

Jessica C. Engler

9