**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

**CLARENCE DAVIS,**

**Plaintiff,**

**v.** **Civil Action No. 1:22-cv-00903-AJT-IDD**

**CAPITAL ONE, N.A.**

**Defendant.**

**DECLARATION OF SCOTT RICE ON THE SERVICES PROVIDED BY PACIFICEAST RESEARCH, INC.**

I, Scott Rice, declare and state as follows:

1. I am the Chief Operations Officer with PacificEast Research, Inc. ("PacificEast"), located at 8625 SW Cascade Avenue, Suite 250, Beaverton, Oregon 97007. I have knowledge of the matters stated herein based on the services and technologies that PacificEast offers to its clients and, if called upon, could and would testify thereto.

2. PacificEast is a data processing service provider that processes files through requested services. PacificEast has been processing files of this nature through various processes for over twenty years.

3. Class Experts Group, LLC contracts with PacificEast for several types of file processing.

**Reassigned Numbers Database Query Service**

4. Among other services, PacificEast provides subscribing clients with the ability to query the Reassigned Numbers Database ("RND") established by the Federal Communications

EXHIBIT 11

# EXHIBIT F

Commission ("FCC"). RND queries require clients of PacificEast to provide an input date and an input telephone number in order to return a result.

5. Telephone number and date submission queries to the RND through PacificEast's service yield only three possible responses: "Yes," "No," or "No Data."

6. A response of "No" indicates that the input telephone number exists within the RND and did not experience a disconnection event after the input date.

7. A response of "No Data" indicates that the input telephone number is not within the RND, at all.

8. A response of "Yes" indicates that the telephone number queried exists within the RND and was disconnected at some date subsequent to the input date. A response of "Yes" does not provide any indicia, absent further individual inquiry external to the RND query service provided by PacificEast, that the telephone number was in fact re-assigned, or was potentially or possibly re-assigned, to another cellular subscriber.

9. If an input phone number was disconnected multiple times after January 27, 2021, the FCC's RND compliance date, a query executed *in hindsight* using a date prior to the first re-assignment would return "Yes."

10. Similarly, a query executed in hindsight using an input date after the first disconnection event and prior to the second disconnection event would also return "Yes."

11. And likewise, a query executed in hindsight using an input date after the second disconnection event and prior to the third disconnection event would return "Yes."

12. **If** however, the queries in Paragraphs 10 and 11 were instead run daily in real-time, as opposed to in hindsight, the intra-period queries in Paragraphs 10 and 11 would return **"No"**

because those input numbers would not have been disconnected until future dates that had not yet occurred.

13. Thus, the only way to use the RND to narrow down and plausibly identify the date of a particular disconnection event is to run daily, real-time queries.

14. Absent daily, real-time queries, the RND bases its "Yes" response upon the last disconnection date contained in the database.

15. For this reason, RND queries that are run in hindsight and that return results of "Yes" are inherently ambiguous and indefinite with regard to identifying a date of disconnection.

16. In the absence of daily, real-time RND queries, there is no way to use the RND query service provided by PacificEast to clarify hindsight results of "Yes" to show that an input call was made after a particular unknown date of disconnection, because such dates are not provided in the RND's query results, and are not otherwise identifiable using the database, in hindsight.

**Reverse Append Services**

17. Among other services, PacificEast provides subscribing clients with the ability to query data among independent contact data repositories leveraged by PacificEast to identify current name and address information for businesses and individuals associated with an input phone number ("Reverse Phone Append").

18. The data queried by PacificEast originates from a number of third-party sources, including, for example, public records, utilities, consumer service providers, and credit reporting agencies.

19. When a user queries a telephone number in connection with the Reverse Phone Append service, PacificEast returns the name or names of persons or businesses, together with

their addresses, that bear some association with the telephone number. PacificEast also provides a date range for which its Reverse Phone Append service has documentation for such association.

20. While the reverse append results identify possible subscribers to phones numbers based on associational relationships, this service does not determine subscriber identity, because there is no authoritative consolidated data source known to identify such relationships.

21. Moreover, the Reverse Phone Append service provided by PacificEast does not identify whether and when an input telephone number was, in fact, reassigned from one person to another, or when the customary user of a phone number changed from one person to another.

22. As a consequence, Reverse Phone Append data provided by PacificEast demonstrates only a possibility that the names identified by the service subscribed to a provided telephone number for a given date range.

23. As a factual and practical matter, determining definitively whether, and the dates, a particular person subscribed and/or stopped subscribing to or using an input telephone number, cannot reliably be achieved using the Reverse Phone Append service PacificEast provides.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 21, 2023

Scott Rice

# EXHIBIT 7